UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LUCINDA NEW,**

    **Plaintiff,**

v.                                                                      Case No: 5:12-CV-211-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Supplemental Social Security Income benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED**.

### I. Procedural History and Summary of the ALJ's Decision

In February 2009, Plaintiff filed an application for SSI, alleging a disability onset date of September 1, 2008. (Tr. 13, 31, 160-62). Plaintiff's application was denied initially and upon reconsideration. (Tr. 1-3, 52-61). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") on May 6, 2011, during which Plaintiff testified and was represented by counsel. (Tr. 13-47). A vocational expert ("VE") also testified. (Tr. 43-47). On May 18, 2011, the ALJ issued his decision, and found that Plaintiff was not disabled and denied her claim. (Tr. 13-23).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 23, 2009, the SSI application date. (Tr. 15). At step two, the ALJ determined that Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease (COPD), acute exacerbation; mild restriction on pulmonary function testing; left hand numbness, status-post insect bite; attention deficit hyperactivity disorder (ADHD); bipolar disorder; and personality disorder." (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 15). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. § 416.967(b), except to lift or carry 10 pounds frequently and 20 pounds occasionally; to stand and/or walk and sit for 6 hours each (with normal breaks) in an 8-hour workday; to avoid frequent ascending and descending stairs; who would require work which is low stress and simple, and unskilled, with one, two, or three step instructions; who due to mild to moderate pain and medication side effects should avoid hazards in the workplace such as unprotected areas of moving machinery, heights, ramps, ladders, scaffoldings, and on the ground, unprotected areas of holes and pits; who should be restricted to a 'relatively clean' work environment (low levels of pollutants and stable temperatures); who could perform each of the following postural activities occasionally, balancing, stopping, crouching, kneeling, and crawling but not climbing; and who has depression which affects her ability to concentrate upon complex or detailed tasks but she would remain capable of understanding, remembering, and carrying out simple job instructions.

(Tr. 16-17). At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a housekeeper. (Tr. 22). Here, the ALJ noted that in comparing Plaintiff's RFC with the physical and mental demands of the work, that Plaintiff is able to perform the work as it is actually and generally performed. (Tr. 22). Based on this finding at step four, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from February 23, 2009, through the date of his decision.

Following the ALJ's decision, Plaintiff requested a review of the ALJ"s decision, which the Appeals Council denied. (Tr. 1-3). Accordingly, the ALJ's decision was the Commissioner's final decision. On April 27, 2012, Plaintiff filed her Complaint appealing the ALJ's decision. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam)

("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'")

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III. Relevant Evidence and Arguments on Appeal

Plaintiff was born on March 14, 1957, and was fifty-one years old on the date she alleges that she became disabled. (Tr. 32, 160). She has a high school education, having obtained a GED, and previously worked as a housekeeper, waitress, and bartender. (Tr. 33, 179). Plaintiff raises one issue in this appeal – whether the ALJ erred by failing to develop the record as to whether her past work as a housekeeper was performed at the substantial gainful activity level, and, therefore, constituted past relevant work. (Doc. 20).

### IV. Analysis

As an initial matter, the Commissioner correctly notes that the Plaintiff did not raise this issue to the ALJ, nor did her attorney object to the VE's testimony identifying Plaintiff's prior work as a housekeeper as past relevant work. Unfortunately for Plaintiff, because she failed to raise this issue to the ALJ or even object to the VE's testimony, the ALJ was not obligated to specifically address the concerns – or rather, arguments – that Plaintiff now raises. *See*

*Whittemore v. Comm'r of Soc. Sec.*, 2011 WL 722966 (M.D. Fla. Feb. 23, 2011) (finding that where the plaintiff did not raise the issue to the ALJ as to whether her prior job as a real estate agent qualified as substantial gainful activity and did not object to the VE's "past relevant work summary," which included the job of real estate agent, that the ALJ was not required to specifically discuss his reasons for concluding that the plaintiff's past work as a real estate agent qualified as substantial gainful activity). Indeed, where, as here, a plaintiff failed to show that her prior employment did not constitute past relevant work, and failed to otherwise offer evidence to challenge the ALJ's findings, courts have affirmed the ALJ's determination that a prior job constitutes past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) (finding that the ALJ's determination that the plaintiff's sewing job was past relevant work was reasonable, that it was the plaintiff's burden to show that the work was not past relevant work, and that she offered no evidence at the hearing to rebut the reasonable determination that she was able to perform her past work as a sewing machine operator); *O'Neal v. Astrue*, 2008 WL 705248, at *4-5 (M.D. Fla. Mar. 14, 2008) (finding that the ALJ could reasonably have found that the plaintiff's work as a waitress constituted substantial gainful activity based on the circumstances; and, that in the absence of any evidence from the plaintiff, the ALJ was not required to further develop the record regarding the plaintiff's work history).

In any event, the Court notes that past relevant work is "work that [a plaintiff has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the plaintiff] to learn to do it." 20 C.F.R. § 416.960(b)(1). Here, Plaintiff argues that her work as a housekeeper is not "past relevant work," because her earnings did not reach the threshold amount for substantial gainful activity ("SGA") as set forth by the regulations. (Doc. 20). The Court disagrees.

"Substantial gainful activity" is work that "involves doing significant physical or mental activities" that is done "for pay or profit." 20 C.F.R. §§ 404.1572(a)-(b); 416.972(a)-(b). In evaluating whether the plaintiff's past work is substantial gainful activity, the ALJ's "primary consideration will be the earnings [the plaintiff] derive[d] from the work activity." 20 C.F.R. § 416.974(a)(1). The regulations use earnings guidelines to assist in the determination of whether a claimant's past work was substantial gainful activity. *Id.* at §§ 404.1574, 416.974. The guidelines set out in the Regulations provide that in 2008, to be considered gainful work, a plaintiff must have had averaged monthly earnings of approximately $940.00. *See* 20 C.F.R. § 4163974(b)(2)(I); Program Operations Manual Systems (POMS), DI 10501.015. When comparing a plaintiff's average monthly income to the earnings guidelines, the plaintiff's income must be "averaged over the actual period of work involved." SSR 83-35.

Here, on Plaintiff's Disability Report, she reported that she worked as a housekeeper for six months (from February 2008 through August 2008). (Tr. 179). She reports that, on average, she worked 8 hours per day, 7 days per week, for $9.00 per hour. (Tr. 179). The Earnings Report reflects that she earned $6,854.24. (Tr. 167). Averaging Plaintiff's reported income for six months (from February 2008 through August 2008), Plaintiff earned an average of $1,142.38 per month ($6,854.24/6). Calculated differently, Plaintiff's report of her work schedule and earnings reflect average monthly earnings in the amount of $2,016.00 ($9.00/hour * 56 hours/week * 4 weeks). (Tr. 179). Under either calculation, Plaintiff's income exceeds the $940.00 per month threshold set by the regulations, and, as such, her work as a housekeeper can be considered "past relevant work."[2]

---

[2] Notably, even if Plaintiff's earnings fell below the guidelines, such does not conclusively show that an employee has not engaged in substantial gainful activity. *See Cook v. Astrue*, 2012 WL 4356261, at *3-4 (M.D. Fla. Sept. 24, 2012) (citing *Pickner v. Sullivan*, 985 F.2d 401, 403) (8th Cir. 1993) (citing 20 C.F.R. § 404.1574(a)(1)); *see also*

Further, insofar as the ALJ relied on the testimony of the VE, substantial evidence supports his finding that she can perform work as a housekeeper, and that such work qualifies as past relevant work. At the fourth step of the sequential evaluation process, the ALJ determines whether a plaintiff's RFC would allow her to perform any of her past relevant work.[3] 20 C.F.R. §§ 416.920(a)(4)(iv),(f); 416.960(b)(3). If a plaintiff can perform any of her past relevant work as she performed it or as it is generally performed, she will be found not disabled. *See id.* Of course, the plaintiff bears the burden of showing that her past work experience is not "past relevant work." *Barnes*, 932 F.2d at 1359.

At step four, the ALJ considered Plaintiff's RFC and compared it with the physical and mental demands of housekeeping work, and found that Plaintiff was "capable of performing [her] past relevant work as a housekeeper" as it was "actually and generally performed." (Tr. 22). The ALJ noted that Plaintiff's past work as a housekeeper was light in exertional capacity and unskilled in complexity. (Tr. 22). To assist the ALJ in determining whether Plaintiff could perform her past work, the ALJ obtained testimony from a VE. (Tr. 43-47).

The VE described Plaintiff's work history, including her work as a housekeeper, and stated that this job had a skill level of 2 and was light work according to the *Dictionary of Occupational Titles*. (Tr. 43-44). The ALJ asked the VE to assume an individual with Plaintiff's background and RFC, and, in response, the VE testified that an individual with Plaintiff's limitations could perform the job of housekeeper. (Tr. 43-47). An ALJ may rely on a VE's testimony regarding the demands of a plaintiff's past relevant work and the plaintiff's ability to perform her past relevant work. 20 C.F.R. §416.960(b)(2); *Savor v. Shalala*, 868 F. Supp. 1363,

---

*Drejka v. Comm'r of Soc. Sec.*, 61 F. App'x 778, 783 (3d Cir. 2003) ("Although [the plaintiff's] earnings did not satisfy the regulations' earnings requirements for substantial gainful employment, earnings can only 'presumptively establish' the presence or lack of substantial gainful activity. The regulations are only guidelines.").

[3] Of note, Plaintiff does not dispute the ALJ's RFC assessment.

1365 (M.D. Fla. 1994). Here, the ALJ did so. Thus, substantial evidence supports the ALJ's determination that Plaintiff can perform her past relevant work.

### V. Recommendation

Accordingly, for the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision should be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IN CHAMBERS** in Ocala, Florida on June 17, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    The Honorable Kendall Sharp
    Counsel of Record